UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joshua A. Gardner,

    Plaintiff,

v.                                                            Case No. 16-cv-3999 (JNE/KMM)
                                                           ORDER

State of Minnesota; Minnesota
Department of Human Services;
Minnesota Sex Offender Program;
Brian Ninneman, Randy Gordon, Troy
Doe, and J. Doe, all in their individual
and official capacities,

    Defendants.

      This matter is before the Court on Defendants' motion to dismiss Plaintiff Joshua A. Gardner's complaint. In a Report and Recommendation ("R&R") dated January 15, 2019, the Honorable Katherine Menendez, United States Magistrate Judge, advised the Court to grant Defendants' motion to dismiss. ECF No. 27. The Magistrate Judge additionally recommended that the Court grant Gardner leave to replead his "official-capacity claims for prospective injunctive relief for violations of his Fourth Amendment rights." *Id.* According to the Magistrate Judge, Gardner's Fourth Amendment claims against Ninneman and Gordon, in their official capacities, failed because Gardner did not allege that either man had the authority to affect the policy changes Gardner had requested. The Magistrate Judge reasoned that because Gardner alleged a violation of his Fourth Amendment rights, he should be given an opportunity to name proper Defendants in an amended pleading. Neither Gardner nor Defendants objected to the R&R. Based on

a de novo review of the record, the Court adopts the R&R. *See* 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2.

The Court notices that Gardner filed an amended complaint on January 22, 2019 naming two additional Defendants in their official capacities: Emily Johnson Piper, Commissioner of the Minnesota Department of Human Services, and Nancy A. Johnston, Executive Director of the Minnesota Sex Offender Program. However, because more than 21 days have passed since Defendants served their Rule 12(b) motion, Gardner did not have the right to file an amended complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1). And "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Defendants have not consented to Gardner's amended complaint and the Magistrate Judge did not grant Gardner leave to amend, but only recommended that the Court do so. Accordingly, Gardner's amended complaint, ECF No. 28, shall be stricken. Gardner may move the Court within 21 days of this Order for leave to file an amended complaint naming proper official-capacity Defendants for his claims seeking prospective injunctive relief. *See* D. Minn. LR 15.1(b).

Therefore, IT IS ORDERED THAT:

1. Defendant's Motion to Dismiss, ECF No. 12, is GRANTED;

    a) Counts One, Two, and Three against the "Doe" Defendants, in their individual and official capacities, are DISMISSED WITHOUT PREJUDICE for failure to serve;

b) Count One against Ninneman and Gordon, in their individual capacities, is DISMISSED WITH PREJUDICE for failure to state a claim based on qualified immunity;

c) Count Two against Ninneman and Gordon, in their individual and official capacities, is DISMISSED WITH PREJUDICE for failure to state a claim;

d) Counts One and Three, insofar as those claims seek prospective injunctive relief, against Ninneman and Gordon, in their official capacities, are DISMISSED WITHOUT PREJUDICE because Ninneman and Gordon are improper defendants;

   a. However, Gardner may seek leave from the Court within 21 days of this Order to file an amended complaint for prospective injunctive relief naming proper official-capacity defendants;

   b. The Court will direct the Clerk to enter judgment 21 days after this Order, unless Gardner so moves the Court to amend his complaint;

e) Count Three against the State of Minnesota, Minnesota Department of Human Services, and the Minnesota Sex Offender Program, is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction pursuant to the doctrine of sovereign immunity; the Court also lacks jurisdiction over any official-capacity claims for damages against the individual Defendants;

2. ECF No. 28 shall be stricken from the docket.

Dated: March 7, 2019

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge